MARY POWER AND PATRICK HIGGINS, AS ADMINISTRATORS, ETC., OF JOHN POWERS, PLAINTIFFS, *v.* NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, DEFENDANT.

*Negligence — liability of a master for injuries occasioned to a servant by defective machinery — when the questions as to negligence, and contributory negligence, should be left to the jury.*

MOTION by the plaintiff for a new trial on a case and exceptions ordered to be heard in the first instance at the General Term after a nonsuit directed at the circuit.

The plaintiffs, as administrators of John Powers, deceased, seek to recover of the defendant the damages occasioned by its negligence in causing the death of the intestate near Dale on the 2d day of February, 1882. The deceased was a laborer working in a gang of men in the employ of defendant engaged in repairing the defendant's track under the supervision of one Kenneday, who for years had been engaged as foreman in repairing a section of the defendant's track. Kenneday employed and discharged the men and controlled their operations, giving directions as to what tools they should use and when and how they should use the hand-car upon the section. At the time of the injury the hand-car was defective. About two weeks before the accident one of the wooden handles with which the car had been provided when the deceased commenced work became broken, and remained so up to the time of the accident to the knowledge of Kenneday the foreman. In its place a pick-handle was used part of the time, and part of the time an iron crowbar about five feet and a-half long, to supply the place of the wooden handle. The bar was used when the men were propelling the car along the track. It was smaller in diameter than the socket of the walking-beam through which it was inserted and played up and down, the force of the men laid out upon the bar being delivered irregularly upon the walking-beam. This beam gave way while the deceased and others were propelling the car, and the deceased being precipitated upon the ground suddenly the car ran over him causing the injuries from which he died.

The court at General Term said: "Whether the deceased was guilty of contributory negligence or not was a question of fact for the jury. It was the duty of the defendant to furnish and keep in repair suitable machinery, implements and hand-cars which it required the deceased to use. (*Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y., 562; *Laning* v. *N. Y. C. R. R. Co.*, 49 id., 521; *Flike* v. *B. and A. R. R. Co.*, 53 id., 549; *Corcoran* v. *Holbrook*, 59 id., 519; *Cone* v. *D., L. and W. R. Co.*, 81 id., 208; *Kain* v. *Smith*, 25 Hun, 146; affirmed 89 N. Y., 384; *Randall* v. *Baltimore and Ohio R. R. Co.*, 29 Alb. Law Jour., 150, and cases cited in the opinion of GRAY, J.) After the hand-car was broken the defendant's foreman, with knowledge of its disabled condition, continued it in use and required the men to operate it. It might have been found as a fact that he knew the

danger of such use, and that the deceased did not know or appreciate the danger from such use of it. (*Kain* v. *Smith, supra.*) 'The fact that the deceased knew, or ought to have known, that there was some danger does not excuse the master if the danger was greater than the servant in the exercise of due care had reason to anticipate, and the amount of the danger and the circumstances that led the servant to incur it are proper questions for the jury.' (Wood's Master and Servant, 760; *Kain* v. *Smith,* 89 N. Y., 385.)

"The court ought not to have said as a matter of law that plaintiff's intestate was guilty of contributory negligence. (*Stackus* v. *The N. Y. C. and H. R. R. R. Co.,* 79 N. Y., 464; *Kain* v. *Smith, supra.*) Whether the injuries were the result of the defendant's neglect of duty was a question of fact for the jury. (*Kain* v. *Smith, supra ; Cone* v. *D., L. and W. R. Co., supra.*)

"We think both branches of the case should have been submitted to the jury; and that the learned circuit judge fell into an error when he undertook to decide them, or either of them, as matter of law."

The motion for a new trial should be granted.

*M. E. & E. M. Bartlett,* for the plaintiffs.

*E. C. Sprague,* for the defendant.

Opinion by HARDIN, J.; SMITH, P. J., concurred; BARKER, J., dissented.

New trial ordered, costs to abide event.